UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---------------------------------------------------------------- X
IN RE YASMIN AND YAZ (DROSPIRENONE):   3:09-md-02100-DRH-PMF
MARKETING, SALES PRACTICES AND    :   MDL No. 2100
RELEVANT PRODUCTS LIABILITY       :
LITIGATION Judge David R. Herndon :
----------------------------------------------------------------  :
SHIRLEY TRUJILLO, Petitioner,     :
on behalf of                      :
PAMELA MUNIZ, deceased            :
                                  :
vs.                               :   Civil Action No.10-13237-DRH-PMF
BAYER HEALTHCARE
PHARMACEUTICALS INC.

and

BAYER SCHERING PHARMA AG,
Defendants
---------------------------------------------------------------- X

**ORDER**

**I.    INTRODUCTION**

This matter is before the Court on Petitioner's application for appointment of personal representative for Decedent and consent to appointment **(Doc. 4)**. On October 29, 2010, Petitioner filed this member action on behalf of Pamela Muniz who is deceased asserting various common law product liability claims and a claim for violation of the Washington Unfair Business Practices Act **(Doc. 2)**. Petitioner simultaneously filed the present motion asking the Court, pursuant to Federal Rule of Civil Procedure 17, to appoint Petitioner (Shirley Trujillo, Decedent's parent) as Decedent's personal representative.

1

## II.     DISCUSSION

Decedent, Pamela Muniz, died on April 16, 2003 **(Doc. 4 ¶ 1)**. At the time of her death, Decedent was a resident and citizen of Seattle, Washington **(Doc. 2 ¶ 2)**. Petitioner filed a complaint directly in this MDL as the purported personal representative for Decedent. Petitioner simultaneously filed an application asking this Court to appoint Petitioner (pursuant to Federal Rule of Civil Procedure 17) as Decedent's personal representative for the purpose of prosecuting a claim for damages on behalf of Decedent.[1] Petitioner is a citizen of New Mexico **(Doc. 2 ¶ 1)**.

The Seventh Circuit has held that whether a party has the capacity to sue is an "exception to the diversity jurisdiction of federal courts which may require dismissal of a suit for lack of jurisdiction even where the requisite citizenship and amount in controversy have been established." ***Rice v. Rice Foundation*, 610 F.2d 471, 474 (7th Cir. 1979)**. Federal Rule of Civil Procedure 17 governs the procedure and practice as to parties in the federal courts, including the capacity to sue. Section (a) of Rule 17 provides that an action must be prosecuted in the name of the real party in interest. **F.R.C.P.**

---

[1] In certain member actions parties have utilized the same procedure when bringing a case on behalf of a minor plaintiff and seeking a next friend appointment. Notably, Federal Rule of Civil Procedure 17 expressly grants the Court the authority to appoint a next friend or guardian ad litem to sue on behalf of a minor or incompetent person. ***See* F.R.C.P. 17(C)(2)**. There is no similar provision with regard to the appointment of a personal representative for a deceased party.

2

**17(a)**.  "A real party in interest is the person who, under governing substantive law, possesses the rights sought to be enforced." ***Garbie v. Chrysler Corp.*, 8 F. Supp. 2d 814, 818 (N.D. Ill. 1998) (Gettleman, J.) (*citing Illinois v. Mid-Am. Ins. Co.*, 805 F.2d 763, 764 (7th Cir.1986)**.  Rule 17(a) requires that actions are brought by plaintiffs entitled to enforce rights granted by the relevant substantive law. ***See Allied Fidelity Ins. Co. v. Continental Ill. Nat'l Bank and Trust Co. of Chicago*, 677 F. Supp. 562, 563 (N.D. Ill. 1988)(Duff, J.) (*citing* 6 Wright & Miller, Federal Practice & Procedure: Civil § 1543 at 643 (1971)** (applying federal law as to real party in interest rules and applying the Indiana substantive law as to the substantive right to bring an action).  Pursuant to Section (b) of Rule 17, the capacity to sue is determined by the law of the state where the court is located (considering the member action has been filed pursuant to this Court's direct filing order, however, this rule would likely consider the local of the district court where venue is proper).

   In the instant case, no state court has granted petitioner the right to enforce rights on behalf of the decedent.  Rather, petitioner is asking this Court to grant her that right.  The Court, however, is not aware of and petitioner has not cited any authority giving a federal district court sitting in diversity the power to make such an appointment.  Indeed, the definition of real party in interest indicates that appointment of a personal representative for decedent is the province of the state court.  Moreover, the appointment of a personal representative for decedent is a probate-type proceeding; such proceedings are

3

typically outside the power of the federal courts.  ***See Rice v. Rice Foundation, 610 F.2d 471, 474 (7th Cir. 1979)*** (recognizing a "judicially created exception [to federal diversity jurisdiction] which places matters of probate and estate administration outside the power of the federal courts").

Finally, Section (c) of Rule 17, the only section that authorizes a federal court to appoint a personal representative, is specifically limited to appointment of next friends or guardians ad litem for infants or incompetents.  The Court agrees with a sister court in this Circuit which stated that Section (c), "[b]y negative implication [demonstrates that] no such power exists to appoint a personal representative in the case of a decedent."  ***See Coleman v. McLaren, 590 F. Supp. 38, 39 (N.D. Ill. 1984) (Kennelly, J.)***.

### III.    CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows: Petitioner's application for the appointment of a personal representative is **DENIED**.  If Petitioner wants to bring suit on behalf of Decedent she must seek appointment by the appropriate state court.  Absent such an appointment,

4

Petitioner is not the "real party in interest" and lacks the capacity to sue pursuant to Rule 17(a).  **Petitioner is given sixty days from the date of this Order to cure this jurisdictional defect**.  If Petitioner fails to timely cure this defect, her complaint will be subject to dismissal for lack of subject matter jurisdiction.

**SO ORDERED:**

David R. Herndon
2010.11.04
13:05:27 -05'00'

Chief Judge                                                                                      Date: November 4, 2010
United States District

5